IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
UNITED STATES OF AMERICA,        )
                                 )    2:07-cr-0305-GEB
          Plaintiff,             )
                                 )
     v.                          )    ORDER
                                 )
EDWIN ROY,                       )
                                 )
          Defendant.             )
_____ )
```

On October 26, 2011, Defendant filed a request for reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on an amendment to the Sentencing Guidelines effective November 1, 2011 ("the amendment"). (ECF No. 58.) The amendment lowered the base offense levels applicable to cocaine base ("crack") offenses. On November 23, 2011, an order was filed requesting the United States respond to Defendant's request. (ECF No. 59.) The United States filed its response on December 8, 2011. (ECF No. 60.)

The United States argues in its response that the amendment is inapplicable to Defendant, since the amendment does not have the effect of lowering Defendant's advisory guideline range. The United States explains:

> In this case, . . . the defendant's sentencing guideline range has not changed even though his guideline calculation was based on the amount of crack in his possession at the time of the offenses charged . . . , which has recently been amended. At the time of his sentencing, the crack cocaine

1

|   |   |
|---|---|
| 1 | guideline for base offense level 26 required between 20 and 35 grams of crack cocaine. Today, the crack cocaine guideline for a base offense level of 26 requires between 28 and 112 grams of crack cocaine. Under either advisory guideline scenario, because the defendant stipulated to possessing 28.5 grams, he remains at a base offense level of 26, before acceptance of responsibility. Furthermore, after acceptance of responsibility, the defendant's advisory guideline range was, and still is 92-96 months. Accordingly, the defendant is not eligible for a sentence reduction, because his applicable guideline range has not been lowered. |

(Response 5:14-6:1.)

The United States is correct. Since Defendant's guideline range is not changed by the amendment, a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2). Therefore, Defendant's request, filed on October 26, 2011, is denied.

Dated:  December 12, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge